NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LIDYA RADIN,

        Plaintiff,

v.

JOSE L. LINARES,

        Defendant.

Civil Action No. 18-9956 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Jose L. Linares's ("Defendant") Motion to Dismiss. (ECF No. 3.) Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, Federal Rule of Civil Procedure 12(b)(1). (Def.s' Moving Br., ECF No. 3-1.) Plaintiff Lidya Radin ("Plaintiff") filed a Motion for Default Judgment and an Omnibus Cross-Motion requesting, among other things, that the Court strike Defendant's Motion to Dismiss as frivolous. (Pl.s' Moving Br., ECF No. 4.) Defendant replied. (Def.'s Reply, ECF No. 5.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

"[D]efendant bears the burden of showing that no claim has been presented" on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Rule 8(a)(2) "requires only a short and plain statement of the claim," enough facts to demonstrate "the pleader is entitled to relief," and "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted)). The Court construes

construes the Complaint in the light most favorable to Plaintiff, accepting all factual allegations as true, but disregarding all "unadorned" conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's Complaint states in its entirety:

> At 402 East State Street, Trenton, N.J., on April 18, 2018, in violation of the New Jersey Penal Code, a man "Keith Holland" harassed, threatened Plaintiff, impersonated a public servant or law enforcement officer, prevented and obstructed Plaintiff from accessing the court, created a disturbance, and in doing so, damaged Plaintiff. Court Security Administrator Jose L. Linares is responsible for court security from his position on the court security committee.[1] This is the third such incident damaging Plaintiff.

(Pl.'s Compl., ECF No. 1-1.)

Plaintiff's Complaint fails to provide a short and plain statement demonstrating she is entitled to the relief sought, as required under Rule 8(a)(2). In fact, she neither identifies a legal cause of action, nor provides sufficient facts concerning the nature of her injury. *See Kassin v. United States Postal Service*, No. 11-1482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) ("[T]he Court cannot manufacture a fitting legal cause of action."); *see also Itiowe v. United States Gov't*, No. 14-6342, 2015 WL 12911733, at *2 (D.N.J. Sept. 14, 2015) (granting the defendant's motion to dismiss because the plaintiff's complaint was conclusory and failed to provide sufficient factual support). Thus, the Court is unable to discern a legal cause of action from Plaintiff's factual allegations. Because the allegations in Plaintiff's Complaint are insufficient to satisfy Rule 8(a), the Court finds good cause to grant Defendant's motion pursuant to Rule 12(b)(6). Moreover, Plaintiff's failure to comply with Rule 8(a) prohibits the Court from determining whether proper jurisdiction exists over this action.

---

[1] The Court notes Plaintiff erroneously named Defendant as Court Security Administrator.

The Court, however, permits Plaintiff to file an amended Complaint. *See Itiowe*, 2015 WL 12911733, at *2 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)) ("When a complaint is subject to Rule 12(b)(6) dismissal, amendment should be permitted unless it is prejudicial or futile."). Plaintiff's amended complaint must comply with Rule 8(a)'s mandate that she include grounds for the Court's jurisdiction and all factual allegations underlying the lawsuit.

Based upon the foregoing, and for good cause shown, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice. By **October 12, 2018**, Plaintiff may file an amended complaint. Failure to file an amended complaint will result in dismissal of the Complaint with prejudice.[2] An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 12, 2018

---

[2] Additionally, the Court denies Plaintiffs' motion for default judgment and other relief.

3